# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KENNETH JAMAR ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:05CV487 |
| | ) | 1:03CR435-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Kenneth Jamar Robinson, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. After one mistrial due to a hung jury, a jury convicted Petitioner of bank robbery in violation of 18 U.S.C. § 2113(a). (Docket nos. 1, 41 (criminal case)) The court sentenced him to 121 months in prison. (Id. docket no. 46) He did not appeal.

Petitioner then filed a defective section 2255 motion (docket no. 1)[1] which was stricken, and the present motion was filed in its place. (Docket no. 3) Respondent has responded to the motion. (Docket no. 7) Petitioner was advised of his right to file a reply brief, but he has not done so and the time for replying has expired. (Docket no. 8) The matter is now ready for ruling.

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

## **DISCUSSION**

Petitioner raises five grounds for relief. (Docket no. 3 at 5-22) Petitioner's first ground for relief is that his attorney rendered ineffective assistance of counsel by failing to discuss his presentence report before sentencing and failing to discuss whether Petitioner wanted to file an appeal. (Id. at 5) In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). The petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Under some circumstances, an attorney has a duty to consult with a defendant concerning his right to appeal. Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).

Although Petitioner makes the broad claim that counsel failed to discuss his presentence report before sentencing, in the supporting facts Petitioner reveals that he and counsel did discuss the report before sentencing. Petitioner says that he reviewed his initial presentence report, and counsel told him that there would be a

-2-

Case 1:05-cv-00487-NCT-WWD   Document 10   Filed 01/12/06   Page 2 of 9

revised report completed because objections had been filed. (Docket no. 3 at 5 & 15) Petitioner further states that counsel came to the jail he was in two days before sentencing and discussed the report. (Id. at 15-16) Petitioner says he told counsel to do what counsel thought was best regarding agreeing on a guideline range with the government. (Id. at 16) Petitioner says that counsel suggested agreeing to the 97 to 121 months guideline range. (Id.) Petitioner claims that counsel performed unreasonably by suggesting that he accept this range. (Id.)

The sentencing transcript sheds some light on this subject. At the very beginning of the hearing the court asked Petitioner if he had read his presentence report, and Petitioner said that he had done so. (Tr. of sentencing proceedings at 2) The court asked Petitioner if he had discussed it with his attorneys, and Petitioner replied that he had. (Id.) The court asked about objections, and counsel stated that they had agreed with the government to withdraw the objections already filed. (Id.) The court asked Petitioner if he agreed with withdrawing the objections, and Petitioner said that he did. (Id.) The agreement was that there would be a four-level increase to Petitioner's offense level, rather than a two-level increase, because he was an organizer of criminal activity and because of a two-level increase for obstruction of justice. (Id. at 4) In exchange, the government agreed not to seek an upward departure to Petitioner's criminal history category because it significantly under-represented his criminal history. (Id.) Petitioner acknowledged that this was the agreement. (Id. at 3)

-3-

Case 1:05-cv-00487-NCT-WWD    Document 10    Filed 01/12/06    Page 3 of 9

Later in the hearing, the court noted that it believed the government was correct that Petitioner had a role as an organizer, and that it was likely the government would have won an upward departure based on Petitioner's criminal record. (Id. at 6) Petitioner made a statement in which he said that he "did agree to a four level enhancement." (Id. at 8) He thanked his attorneys for doing an "excellent job" in his two trials "and working out this agreement with me because now I see without this agreement there is a chance that I could have got more time." (Id.) The court noted that there was a "substantial likelihood you would have gotten more time." (Id.)

In viewing all of this evidence, it is apparent that counsel performed reasonably in conferring with Petitioner regarding the presentence report and in suggesting that Petitioner accept the agreement worked out with the government. Under the agreement Petitioner's offense level increased four levels, but the court noted that this probably would have happened even if Petitioner had not agreed. In addition, by making the agreement the government's request for an upward departure to Petitioner's criminal history category was removed. It was therefore a most reasonable decision to accept the agreement and, as he said at sentencing, Petitioner was fortunate to have had counsel arrange it for him. Petitioner has failed to show that counsel performed unreasonably or that he was prejudiced in any way by counsel's performance. See Strickland, 466 U.S. 668.

Petitioner's other claim in this ground for relief is that counsel failed to discuss whether Petitioner wanted to appeal. (Docket no. 3 at 5) Petitioner does not provide any other facts supporting this claim. Counsel has responded by affidavit. He states that Petitioner was advised of his right to appeal in open court and that he advised Petitioner of his right to appeal after the sentencing hearing. (Docket no. 7, ex. A at 1) Counsel states that Petitioner said he did not wish to appeal. (Id.) Counsel heard nothing more from Petitioner until this section 2255 motion was filed. (Id.)

The sentencing transcript shows that the court did advise Petitioner of his right to appeal in open court. (Tr. of sentencing proceedings at 11) The court also inquired whether Petitioner wanted counsel to file a notice of appeal. Petitioner replied that he did not wish to appeal at that time. (Id.)

Under these circumstances, Petitioner has failed to show that counsel performed unreasonably by failing to discuss appeal rights with him. The court had advised Petitioner of his appeal rights in open court, and Petitioner had said that he did not wish to appeal. There is no evidence that Petitioner ever changed his mind, at least not while a timely notice of appeal could have been filed. There is also no evidence that Petitioner ever told counsel to file an appeal. Petitioner has also failed to show prejudice by establishing that, but for counsel's allegedly deficient conduct, he would have appealed. Roe, 528 U.S. at 486. This claim should be dismissed.

Petitioner's second ground for relief is that the enhancements made to his sentence violated his Sixth Amendment rights under Blakely v. Washington, 542

U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). Petitioner's conviction became final in June 2004 because he did not file an appeal. Clay v. United States, 537 U.S. 522 (2003). The Fourth Circuit has recently held that Booker was a "new rule" of criminal procedure under Teague v. Lane, 489 U.S. 288 (1989), but was not a "watershed rule," and therefore "is not available for post-conviction relief for federal prisoners . . . whose convictions became final before Booker (or Blakely) was decided."[2] United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Accordingly, because Petitioner's conviction became final before Booker was decided in 2005, its reasoning may not be applied in this collateral proceeding to Petitioner's case. Petitioner's second ground for relief should be dismissed.

Petitioner's third ground for relief is that he is actually innocent of the bank robbery. (Docket no. 3 at 8) Petitioner claims that the government failed to establish a robbery by force, violence or intimidation and failed to place him at the scene of the crime. (Id.) This is a claim of insufficiency of the evidence used to convict him. Petitioner did not appeal and therefore procedurally defaulted this claim by not raising it on appeal and must show cause and prejudice before relief may be granted in this proceeding. United States v. Frady, 456 U.S. 152 (1982). Petitioner has failed to show either cause or prejudice. This claim should therefore be dismissed.

---

[2] The court also made clear that it is the date that Booker rather than Blakely was decided that controls the retroactivity analysis. 429 F.3d at 72 n.5 (citing Lloyd v. United States, 407 F.3d 608, 611 n.1 (3rd Cir.) (stating that date Booker issued is appropriate dividing line because Blakely reserved decision about the federal sentencing guidelines), cert. denied, 126 S.Ct. 288 (2005)).

-6-

In addition, there was evidence at trial that Petitioner intimidated the bank tellers and placed them in fear by dressing up in a Halloween mask and outfit and by yelling at them when ordering them to give him money. (Partial tr. of jury trial proceedings, docket no. 50, at 16-17) Witnesses also testified that Petitioner had admitted to robbing the bank. (Id. docket no. 53 at 8) Accordingly, there was evidence presented which showed his intimidation of the bank tellers and which placed him at the scene. This ground for relief should therefore be dismissed.

Petitioner's fourth ground for relief is that the court erred in enhancing his sentence for his role in the offense by four levels. (Docket no. 3 at 9) Petitioner claims that he should only have been enhanced by two levels. (Id.) This is a claim of a misapplication of the sentencing guidelines. Such a claim is a non-constitutional claim not raised on appeal and therefore is not cognizable in this proceeding. Stone v. Powell, 428 U.S. 465, 477 n.10 (1976); United States v. Emmanuel, 869 F.2d 795, 796 (4th Cir. 1989). In addition, as discussed above, this enhancement was agreed to by Petitioner and his counsel. He has waived any relief on this claim. This ground for relief should be dismissed.

Petitioner's fifth ground for relief is that his jury became tainted by overhearing U.S. Marshals speaking about Petitioner's first trial at which the jury could not reach a verdict. (Docket no. 3 at 22) Petitioner says that the court inquired into this occurrence halfway through his trial just after a lunch break. (Id. at 23) Respondent identifies this occurrence as one that the court addressed on March 1, 2004, just

-7-

Case 1:05-cv-00487-NCT-WWD   Document 10   Filed 01/12/06   Page 7 of 9

after a break. (Partial tr. of jury trial proceedings, Mar. 1, 2004, at 3-5 (docket no. 50)) Petitioner has not filed a reply brief, and therefore has not disputed that this is the occurrence at issue. The transcript reveals that the government advised the court that during the break the Clerk of Court asked an Assistant United States Attorney in a casual conversation if "this was the case with the hung jury." (Id. at 3) The prosecutor said that he quickly shook his head so that he could not be seen by a juror that was passing by at the time. (Id. at 4) The prosecutor said that he was not sure that the juror "would have any idea of what was being said." (Id.) The court asked if counsel wished for the juror to be questioned on the matter, and Petitioner's counsel and the government stated that they did not wish to question the juror. (Id. at 4-5) The court specifically asked Petitioner if he agreed with this decision, and Petitioner said that he did agree. (Id. at 4) Petitioner has therefore failed to provide any support for his contention that his jury was tainted. No relief may be given on such a conclusory and unsupported claim. See Nickerson, 971 F.2d at 1136. This ground for relief should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 3) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
January 12, 2006